IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN ANTONIO LEMUS RAMIREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) 1:26-cv-00034 (AJT/WBP) |
| TODD M. LYONS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

ORDER

Before the Court is Juan Antonio Lemus Ramirez's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition") alleging that he has been unlawfully detained at the Caroline Detention

Center since December 30, 2025. [Doc. No. 1]. By order dated January 8, 2026, the Court ordered

the Government to file within five days either (a) a Notice indicating that the factual and legal

issues presented in this Petition do not differ in any material fashion from those presented in

*Hernandez v. Crawford*, No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16,

2025) or the other opinions of this Court cited therein; or (b) an Opposition to the Petition

discussing the material differences between *Hernandez* and this Petition, [Doc. No. 2].

Respondents timely filed an Opposition and accompanying declaration in which they assert

that their detention of the Petitioner is not pursuant to 8 U.S.C. § 1225(b)(2), as in *Hernandez,* but

rather  8 U.S.C. § 1231(A)(6), which Respondents contend based on *Zadvydas v. Davis*, 533 U.S.

678 (2001) allows Petitioner's detention without a bond hearing for up to six months regardless of

the likelihood of removal in the foreseeable future. [Doc. No. 4]. Petitioner has conceded that 8

U.S.C. § 1231(A)(6) governs his detention but contends that notwithstanding that his detention to

date has been for less than six months, he is entitled to be released because his removal is not

reasonably likely in the foreseeable future, because, among other reasons, he is entitled to a review

by an immigration judge of the negative reasonable fear decision issued by an asylum officer.[1] [Doc. No. 6].

As the Court has previously ruled, a detained petitioner is entitled to Immigration Judge review of a negative reasonable fear determination (whether with respect to Mexico, or to any further alternative countries of removal that Respondents may choose to pursue). *See Cruz Medina v. Noem*, No. 25-CV-1768-ABA, 2025 WL 2841488, at *6 (D. Md. Oct. 7, 2025) (collecting cases). Whether that process to which he is entitled establishes that his removal is at this time not reasonably foreseeable cannot be determined on the present record.  Accordingly, it is hereby

**ORDERED** that pending a further order of the Court, Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from removing Petitioner from this judicial district and the continental United States; and it is further

**ORDERED** that before any request for removal, Petitioner obtain (1) review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to Mexico or any other country to which Respondents intend to send Petitioner; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied; and it is further

**ORDERED** that Petitioner's other requests for relief are held in abeyance pending

---

1 Petitioner's reply cites this Court's recent decision in *Serpas v. Simon, et al.*, No. 1:25-cv-2369 (E.D. Va. Feb. 3, 2026), which ordered the release of a petitioner who had been detained for less than six months. In that case, the petitioner's order of supervision had been improperly revoked and release was mandated under the *Accardi* doctrine. Here, Petitioner does not allege the improper revocation of his order of supervision.

further information concerning the status of and prospects for removal within the foreseeable future following the completion of any reasonable fear decisions.

The Clerk is directed to forward a copy of this Order to counsel of record.


Alexandria, Virginia
March 2, 2026


Anthony J. Trenga
Senior U.S. District Judge

3